UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IRVIN RICHARDSON                                                       CIVIL ACTION

VERSUS                                                                         NO. 08-3514

JAMES LEBLANC                                                          SECTION: "S"(3)

### REPORT AND RECOMMENDATION

Plaintiff, Irvin Richardson, a state prisoner, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, against James LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections.[1]  Plaintiff complains that he is being improperly denied the opportunity to earn a diminution of his sentence through good behavior.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

---

[1] Plaintiff does not specify in the complaint whether he is suing LeBlanc in his individual capacity or his official capacity.  However, the Eleventh Amendment would clearly bar an official-capacity claim against LeBlanc.  See, e.g., Bryant v. Reed, Civil Action No. 06-5478, 2007 WL 701143, at *3 (E.D. La. Mar. 1, 2007).  Accordingly, for the purposes of this decision, the Court assumes that plaintiff means to assert an individual-capacity claim.

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that this civil action should be dismissed as frivolous.

This lawsuit stems from plaintiff's criminal convictions in the Louisiana Twenty-Second Judicial District Court for the Parish of St. Tammany. On December 10, 1998, plaintiff was convicted and sentenced on two counts of armed robbery, two counts of second degree kidnaping, four counts of forgery, and one count of possession of cocaine. In 2003, he filed an application in this Court for *habeas corpus* relief arguing that he was wrongly being denied diminution of his sentences based on good behavior. That *habeas* petition was dismissed with prejudice as untimely. Irvin Richardson v. 22nd Judicial District Parish, Civil Action No. 03-2229 "A"(6) (E.D. La. Apr. 21, 2004).[3]

Now, more than four years later, plaintiff returns to this Court again arguing that he is being improperly denied the opportunity to earn a diminution of his sentence through good behavior; however, he now attempts to assert that claim in this federal civil rights proceeding filed pursuant to 42 U.S.C. § 1983. As relief, he asks that his master prison record be changed to reflect credit for good behavior so that he may be immediately released from confinement. He additionally requests that he be awarded $300,000 in monetary damages.

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] These facts are taken from both the allegations of plaintiff's complaint and the court record of his federal *habeas corpus* proceeding. "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

3

As to the former request, plaintiff may not seek that form of relief in a federal civil rights action. When a state inmate challenges the very fact or duration of his physical imprisonment, and the relief he seeks is immediate release or a speedier release, his sole federal remedy is a writ of *habeas corpus*. Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994) (quotation marks omitted). To the extent that the instant complaint is broadly construed in part as a petition seeking federal *habeas corpus* relief, it should be denied in light of the fact that he previously sought that same relief and his petition was dismissed with prejudice.

As to the latter request for monetary damages, that form of relief is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted). Because a finding that plaintiff was wrongfully denied the opportunity to earn a diminution of his sentence would necessarily imply the invalidity of his present confinement, Heck currently bars his claim for monetary damages in a federal civil rights action. Payton v. Hubert, Civil Action No. 07-506, 2007 WL 4303241 (M.D. La. Dec. 5, 2007). Claims barred by Heck are legally frivolous. Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED**. It is recommended that plaintiff's *habeas corpus* claim be **DISMISSED WITH PREJUDICE** and that his claim for monetary damages be **DISMISSED WITH PREJUDICE** to its being asserted again until the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-eighth day of May, 2008.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**